IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LABORERS' PENSION FUND and )
LABORERS' WELFARE FUND OF THE )
HEALTH AND WELFARE DEPARTMENT )
OF THE CONSTRUCTION AND GENERAL )
LABORERS' DISTRICT COUNCIL OF )
CHICAGO AND VICINITY, and JAMES S. )
JORGENSEN, Administrator of the Funds, )
                     )
            Plaintiffs, )     Case No. 11-cv-5265
                     )
    v. )
                     )
RAI CONCRETE, INC., an Illinois corporation, )
                     )
            Defendant. )

## COMPLAINT

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare

Department of the Construction and General Laborers' District Council of Chicago and Vicinity

(collectively "Funds") and James S. Jorgensen (hereinafter "Jorgensen"), Administrator of the

Funds, by their attorneys, Patrick T. Wallace, Jerrod Olszewski, Christina Krivanek, Amy

Carollo, and John Hamada, for their Complaint against Defendant RAI Concrete, Inc., state:

### COUNT I

### (Failure To Submit Reports and/or Pay Employee Benefit Contributions)

1.      Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee

Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and

(2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as

amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, and Federal Common Law.

2.      Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3.      The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

4.      Plaintiff James S. Jorgensen ("Jorgensen") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5.      Defendant RAI Concrete, Inc. (hereinafter the "Company") is an Illinois corporation. The Company does business within this District and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6.      The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company have been parties to successive collective bargaining agreements, the

most recent of which became effective June 1, 2010 ("Agreement"). (A copy of the "short form" Agreement entered into between the Union and the Company which Agreement adopts and incorporates Master Agreements between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust, is attached hereto as Exhibit A).

7.     The Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Concrete Contractors' Association of Greater Chicago ("CCA"), the GDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LCDMC"), the CARCO Industry Advancement Fund ("CARCO"), and the Illinois Small Pavers Association ("ISPA") to act as an agent in the collection of contributions due to those funds.

8.     The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee. Pursuant to the terms of the Agreement and the Funds' respective

Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed up to 20 percent liquidated damages plus interest.

9.      The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

10.      The Agreement obligates the Company to obtain and maintain a surety bond to insure future wages, pension and welfare contributions.

11.      On or about June 23, 2009, the Company entered into an Installment Note ("Note") to submit payment of amounts due and owing for accumulated liquidated damages incurred as a result of untimely submitted benefit contributions and dues. A true and accurate copy of the Note is attached hereto as Exhibit B.

12.      Paragraph 5 of the Note provides in relevant part:

"Payments made pursuant to this Installment Note shall be considered 'contributions' as defined under the terms of the CBA and the Fund's respective Agreements and Declarations of Trust. If the contributions are not paid by the 10th day following the date on which payment should have been received, the contribution shall be considered delinquent and all charges which apply to the late payment of contributions under the terms of the CBA and the Fund's respective agreements and Declarations of Trust shall apply, including, but not limited to, the assessment of interest and liquidated damages."

13.      Notwithstanding the obligations imposed by the Note, the Company failed to timely submit payments by the 10th day following the day on which payment should have been received. As a result, the Company owes $928.32 in accumulated liquidated damages for untimely submitted Note payments. A true and accurate copy of the Company's Payment Plan Worksheet, detailing these amounts, is attached hereto as Exhibit C.

4

14.     Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company has:

(a)     failed to submit reports and/or pay all contributions to Plaintiff Laborers' Pension Fund for the periods of May 2011 forward, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b)     failed to submit reports and/or pay all contributions to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the periods of May 2011 forward, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c)     failed to submit reports and/or pay all contributions to Laborers' Training Fund for the periods of May 2011 forward, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries; and

(d)     failed to submit reports and/or pay all contributions owed to one or more of the other affiliated funds identified above for the periods of May 2011 forward, thereby depriving said fund(s) of contributions, income and information needed to administer said fund(s) and jeopardizing the benefits of the participants and beneficiaries.

15.     The Company failed to timely submit payment of its benefit contributions for the months of August 2009, October 2009, November 2009, and June through November 2010.  As a result, the Company owes $15,966.72 in accumulated liquidated damages for the untimely

submitted reports. A true and accurate copy of the Company's Contractor Penalty History, detailing these amounts, is attached hereto as Exhibit D.

16.     The Company's actions in failing to submit timely reports, pay all contributions and timely submit Note payments violate Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

17.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, the terms of the Agreement and the Funds' respective Trust Agreements, the Note, and Federal Common Law, the Company is liable to the Funds for unpaid contributions, as well as interest, liquidated damages and accumulated liquidated damages on the unpaid contributions, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant RAI Concrete, Inc., as follows:

a.     ordering the Company to submit benefit reports and/or pay all contributions for the time periods of May 2011 forward;

b.     entering judgment in sum certain against Defendant Company on the amounts due and owing pursuant to the May 2011 forward reports and contributions, including interest, liquidated damages, accumulated liquidated damages, and attorneys' fees and costs;

c.     entering judgment in sum certain against Defendant Company on the accumulated liquidated damages owed for the untimely submitted Note payments and untimely submitted benefit contributions for the months of August 2009, October 2009, November 2009, and June through November 2010; and

d.     awarding Plaintiffs any further legal and equitable relief as the Court deems just and appropriate.

## COUNT II

### (Failure To Submit Reports and Fully Pay Union Dues)

18.     Plaintiffs reallege paragraphs 1 through 12 of Count I.

19.     Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees. Union dues which are not submitted in a timely fashion are assessed 10 percent liquidated damages.

20.     Notwithstanding the obligations imposed by the Agreement, the Company has failed to fully submit union dues reports and dues that were or should have been withheld from the wages of its employees performing covered work for the period of May 2011 forward, thereby depriving the Union of income and information necessary to determine dues submission compliance.

21.     Further notwithstanding the obligations imposed by the Agreement, the Company failed to timely submit payment of its dues for the months of October 2009, November 2009, and May through November 2010. As a result, the Company owes $684.73 in accumulated liquidated damages for the untimely submitted dues. A true and accurate copy of the Company's Working Dues Late Fee Summary, detailing these amounts, is attached hereto as Exhibit E.

22.     Pursuant to the Agreement, Federal Common Law, and the Note, the Company is liable to the Funds for the unpaid union dues, as well as liquidated damages, accumulated

7

liquidated damages, audit costs, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant RAI Concrete, Inc., ordering the Company to submit all outstanding accumulated liquidate damages, and to submit and pay all outstanding dues for the period of May 2011 forward, together with all liquidated damages, attorneys' fees and costs, and any other legal and equitable relief as the Court deems appropriate.

## COUNT III

### (Failure To Pay Benefit Contributions)

23.     Plaintiffs reallege paragraphs 1 through 12 of Count I.

24.     Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company has:

(a)     failed to report and pay $866.87 in contributions owed to Plaintiff Laborers' Pension Fund for the audit period of April 1, 2007 through February 28, 2011 (true and accurate copies of the audit and audit worksheet are attached hereto as Exhibit F and F-1, respectively), thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b)     failed to report and pay $1,200.58 in contributions owed to Plaintiff Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the audit period of April 1, 2007 through February 28, 2011, thereby depriving the Welfare Fund of contributions, income and information needed to

administer the Fund and jeopardizing the health and welfare benefits of the participants and

beneficiaries;

(c)    failed to report and pay $37.01 in contributions owed to Laborers' Training Fund

for the audit period of April 1, 2007 through February 28, 2011, thereby depriving the Laborers'

Training Fund of contributions, income and information needed to administer the Fund and

jeopardizing the Training Fund benefits of the participants and beneficiaries;

(d)    failed to report and pay $16.80 in contributions owed to LDCLMCC Fund for the

audit period of April 1, 2007 through February 28, 2011, thereby depriving the LDCLMCC Fund

of contributions, income and information needed to administer the Fund and jeopardizing the

LDCLMCC Fund benefits of the participants and beneficiaries;

(e)    failed to report and pay $9.80 in contributions owed to the CCA Fund for the audit

period of April 1, 2007 through February 28, 2011, thereby depriving the CCA Fund of

contributions, income and information needed to administer the Fund and jeopardizing the CCA

Fund benefits of the participants and beneficiaries; and

(f)    failed to report and pay $8.74 in contributions owed to LECET Fund for the audit

period of April 1, 2007 through February 28, 2011, thereby depriving the LECET Fund of

contributions, income and information needed to administer the Fund and jeopardizing the

LECET Fund benefits of the participants and beneficiaries.

25.    Under the terms of the Agreements and the Funds' respective Agreements and

Declarations of Trust, the Company owes up to twenty percent liquidated damages plus interest

on all late or unpaid contributions. Accordingly, the Company owes $173.37 in liquidated

damages to the Pension Fund, $240.12 in liquidated damages to the Welfare Fund, $7.40 in

liquidated damages to the Training Fund, $1.68 in liquidated damages to the LDCLMCC Fund,

$.98 in liquidated damages to the CCA Funds, and $.87 in liquidated damages to the LECET

Fund, plus interest, on the late paid contributions for the period of April 1, 2007 through

February 28, 2011.

26.     Under the terms of the Agreement and the Funds' respective Agreements and

Declarations of Trust, the Company is liable for the costs of any audit which reveals unpaid

contributions. Accordingly, the Company owes the Funds $1,247.18 in audit costs for the audit

for the period of April 1, 2007 through February 28, 2011.

27.     The Company's failure to submit payment of benefit contributions violates

Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

28.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of

the LMRA, 29 U.S.C. §185, and the terms of the Agreement, the Funds' respective Trust

Agreements, Federal Common Law, and the Note, the Defendant is liable to the Funds for unpaid

contributions, as well as interest and liquidated damages on the unpaid contributions, reasonable

attorneys' fees and costs, and such other legal and equitable relief as the Court deems

appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against

Defendant RAI Concrete, Inc., as follows:

a.      entering judgment in sum certain in Plaintiffs' favor and against Defendant on the

amounts shown due and owing pursuant to the audit including unpaid contributions, interest,

liquidated damages, audit costs, and Plaintiffs' attorneys' fees and costs; and

b.      awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT IV

### (Failure To Pay Dues)

29.     Plaintiffs reallege paragraphs 1 through 12 of Count I.

30.     Notwithstanding the obligations imposed by the Agreement, the Company has failed to submit $306.26 in union dues that were or should have been withheld from the wages of its employees performing covered work for the audit period of April 1, 2007 through February 28, 2011, thereby depriving the Union of income and information necessary to determine dues submission compliance.

31.     Pursuant to the Agreement, Federal Common Law, and the Note, Defendant is liable to the Funds for the unpaid union dues, $30.63 in liquidated damages, and reasonable attorneys' fees and costs as the Union's collection agent and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant RAI Concrete, Inc., for the Union dues and liquidated damages owed pursuant to the audit conducted of the Company's books and records for the period of April 1, 2007 through February 28, 2011, together with all attorneys' fees and costs, and any other legal and equitable relief as the Court deems appropriate.

August 3, 2011

Laborers' Pension Fund, et al.


By: /s/ Christina Krivanek
Christina Krivanek

Patrick T. Wallace
Jerrod Olszewski
Christina Krivanek
Amy N. Carollo
John Hamada
Laborers' Pension and Welfare Funds
Sub Office, 111 W. Jackson Blvd.
Suite 1415
Chicago, IL 60604
(312) 692-1540



HEADQUARTERS OF

# Construction & General Laborers'
## District Council of Chicago and Vicinity

Affiliated with the Laborers International Union of North America, A. F. of L. - C. I. O.

6121 WEST DIVERSEY AVENUE • CHICAGO, ILLINOIS 60639 • TELEPHONE: 237-7537

LOCALS 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 260, 269, 288, 582, 681, 1001, 1006, 1035, 1092

| | | |
|---|---|---|
| Joseph A. Lombardo, Jr. Secretary-Treasurer | **MEMORANDUM OF JOINT WORKING AGREEMENT** | Ernest Kumerow President Business Manager |

## RAI CONCRETE INC.

It is hereby stipulated and agreed by and between _____ hereincalled the "EMPLOYER", and the CONSTRUCTION AND GENERAL LABORERS DISTRICT COUNCIL OF CHICAGO AND VICINITY, herein called the "UNION", representing and encompassing Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 260, 269, 288, 582, 681, 1001, 1006, 1035, 1092, together with any other locals which may come within the jurisdiction of the UNION, that:

1. Employer, in response to the Union's claim that it represents an uncoerced majority of each Employer's laborer employees, acknowledges and agrees that there is no good faith doubt that the Union has been authorized to and in fact does represent such majority of laborer employees. Therefore, the Union is hereby recognized as the sole and exclusive collective bargaining representative for the employees now or hereafter employed in the bargaining unit with respect to wages, hours of work and other terms and conditions of employment, in accordance with Section 9(a) of the National Labor Relations Act, without the need for a Board Certified Election.

2. The EMPLOYER affirms and adopts the collective Bargaining Agreements between the Union and the Builders Association of Chicago and Vicinity, the Concrete Contractors Association of Greater Chicago, the Illinois Road Builders Association, the Underground Contractors Association, Mason Contractors Association of Greater Chicago, Street Paving and Ground Separation Contractors, Chicagoland Association of Wall and Ceiling Contractors, Chicago Building Wreckers Association, Lumber Trade Association, Lake County Contractors Association, Lake County Paving Contractors Association and Sewer Contractor Association, Association of Wall and Ceiling Contractors of Lake County, and all other associations with whom the District Council or any of its affiliated local unions has a duly negotiated agreement, and re-establishes all agreements from June 1, 1976, together with all amendment thereto. It is further agreed that where a collective bargaining agreement, which shall supersede the standard District Council agreements in the case UNION, then the agreement of the local Union is herein specifically incorporated in this agreement and shall supersede thestandard District Council agreements in the case of any conflict between the District Council agreement and the local agreement having to do with wages, benefits, or conditions of employment. Nothing herein shall limit the jurisdiction of this agreement to less than that provided in this Memorandum of Agreement.

3. The EMPLOYER agrees to pay the amounts which the (III) is bound to pay under said Collective Bargaining Agreements to the HEALTH AND WELFARE DEPARTMENT OF CONSTRUCTION AND GENERAL LABORERS DISTRICT COUNCIL OF CHICAGO AND VICINITY, to the LABORERS' PENSION FUND, and to become bound by and be considered a party to the Agreements and the Declaration of Trust creating said Trust Funds as if (his) (it) had signed the original copies of the Trust Instruments and amendments thereto. The EMPLOYER ratifies and confirms the appointment of the EMPLOYER Trustees who shall, together with their successor Trustees designated in the manner provided in said Agreements and Declaration of Trusts and jointly with an equal number of Trustees appointed by the UNION, carry out the terms and conditions of the Trust Instruments.

The EMPLOYER further affirms and re-establishes that all prior contributions paid to the Welfare and Pension Funds were made by duly authorized agents of the EMPLOYER at the proper rates for the appropriate periods of time and that by making said prior contributions the EMPLOYER evidences the intent to be bound by the terms of the Trust Agreement and Collective Bargaining Agreements which were operative at the time the contributions were made, acknowledging the report form to be a sufficient instrument in writing to bind the EMPLOYER to the applicable agreements.

4. Employees covered by this Memorandum of Agreement shall retain all the work traditionally performed by laborers. The EMPLOYER agrees that he will not cause any such traditionally performed work to be done at a construction site by employees other than those covered by this Memorandum of Agreement, except with the prior written consent of the UNION. Any EMPLOYER who contracts out or sublets any of the work coming within the jurisdiction of the UNION shall assume the obligations of any subcontractor for prompt payment of employees' wages and other benefits, including reasonable attorneys' fees incurred in enforcing the provisions hereof. Notwithstanding any agreement to the contrary, the EMPLOYER'S violation of any provision of this paragraph will give the UNION the right to take lawful action, including all remedies at law or equity.

5. In the event of any change in the ownership, management, or operation of the EMPLOYER'S business by sale or otherwise, it is agreed that it is a condition of which transfer or change it shall be provided in the instrument effecting the change that the new owner and management shall be fully bound by the terms and conditions of this Agreement. This Agreement is applicable to all successors and transferees of the EMPLOYER, whether corporate or otherwise.

6. The negotiated wage and fringe benefit contribution rates in the various collective bargaining agreements are as follows:

| June 1, 1991 | $18.00 Per hour Wages |
|---|---|
| | $ 2.22 Per hour Health and Welfare Fund |
| | $ 1.00 Per hour Pension FUND |
| | $ .10 Per hour Training Fund |
| to | $ .02 Per hour M.C.I.A.F. (Or such amount as provided in local agreement.) |
| | $ .01 Per hour Chicagoland Safety Council (If applicable in local agreement.) |
| | Dues Deductions are $ .20 Per hour for each hour worked unless notified of an increase. |

| May 31, 1992 | $1.05 Per hour increase per year on June 1, 1992 thru May 31, 1993 to be allocated between wages and |
| June 1, 1992 | benefits by the Union in its sole discretion. Welfare, Pension, and Training Funds to remain the same unless additional sums are allocated. |
| to | M.C.I.A.F. and Chicagoland Safety Council remain as above for the life of this contract. |
| | Dues Deductions are $ .20 Per hour unless notified of an increase. |
| May 31, 1993 | |

| June 1, 1993 | $1.05 Per hour increase per year on June 1, 1993 thru May 31, 1994, to be allocated between wages and benefits by the Union in its sole discretion. Welfare, Pension, and Training Funds to remain the same unless additional sums are allocated. |
| to | M.C.I.A.F. and Chicagoland Safety Council remain as above for the life of the contract. |
| | Dues Deductions are $ .20 Per hour unless notified of an increase. |
| May 31, 1994 | |

| June 1, 1994 | $1.10 Per hour increase per year on June 1, 1994 thru May 31, 1995, to be allocated between wages and benefits by the Union in its sole discretion. Welfare, Pension, and Training Funds to remain the same unless additional sums are allocated. |
| to | M.C.I.A.F. and Chicagoland Safety Council remain as above for the life of the contract. |
| | Dues Deductions are $ .20 Per hour unless notified of an increase. |
| May 31, 1995 | |

All additional wage rate dues checkoff, or fringe benefit increases as negotiated after May 31, 1995 shall be incorporated in this Memorandum of Agreement.

7. Effective June 1, 1991 all EMPLOYERS covered by this Memorandum of Agreement incorporating the various Collective Bargaining Agreements shall deduct from the wages of employees covered by said contract, working dues in the amount of Twenty Cents ($.20¢) for each straight-time hour worked and Twenty Cents ($.20¢) for each overtime hour worked, and shall remit monthly to the UNION office designated by the District Council the sums so deducted, together with an accurate monthly list of employees from whose wages said dues were deducted and the amounts applicable to each employee, not later than the 15th day of the month following the month for which said deductions were made.

8. It is the intention of the parties that such deductions shall comply with the requirements of Section 302(c) (4) of the Labor Management Relations Act of 1947, as amended, and that such deductions be made only pursuant to written agreements from each employee on whose account such deductions are made, which assignment shall not be irrevocable for a period of more than one year or beyond the termination date of the Memorandum of Agreement, whichever occurs sooner.

9. This Agreement shall remain in full force and effect through the 31st day of May, 1995 and shall continue thereafter unless there has been given not less than sixty (60) days prior or more than ninety (90) days from the expiration date written notice by registered or certified mail, by either party hereto, of the desire to modify and amend this Agreement through Negotiations. In the absence of such notice, the EMPLOYER and the UNION agree to be bound by the area-wide negotiated contracts with the various Associations, incorporating them into this Agreement and extending this Agreement for the life of the newly negotiated contract.

10. The employer acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The employer further acknowledges receipt of a copy of the complete Joint Working Agreement.

Dated at __10/27/92__ this __27th__ day of __October__, 19 __92__

ACCEPTED:

| Laborers' Local Union No. __96__ | Rai Concrete Inc. |
|---|---|
| | (Employer) |
| By __Timothy Riley__ (FIELD REP) | By __[signature]__ |
| | (Title) |
| **CONSTRUCTION AND GENERAL LABORERS** | Nick Raimondi, President |
| **DISTRICT COUNCIL OF CHICAGO AND VICINITY** | 996 Bowie Drive Carol Stream, IL 60 |
| By __Ernest Kumerow__ | (Address) |
| Ernest Kumerow, Business Manager | 708-665-0871 |
| By __Joseph A Lombardo, Jr__ | (Telephone) |
| Joseph A. Lombardo, Jr., Secretary-Treasurer | **TRUST FUND** |

**EXHIBIT A**

## INSTALLMENT NOTE

This Installment Note ("Note") is made between the Laborers' Pension Fund ("Pension Fund") and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity ("Health and Welfare Fund" or collectively the "Funds"), the parties of the first part, and RAI Concrete (the "Company"), the party of the second part.

WHEREAS, the Company has at all relevant times been party to a collective bargaining agreement ("CBA") with Local 76 the Construction and General Laborers' District Council of Chicago and Vicinity, whereunder it is obligated to make certain contributions to the above-named Funds, as well as to the Training Fund, on behalf of its covered employees, and to submit payment of all employee union dues;

WHEREAS, the Company has failed to timely pay certain liquidated damages owed to the Funds.

WHEREAS, the Company desires to pay certain liquidated damages owed to the Funds.

THE PARTIES HEREBY AGREE as follows:

1.   The Company will pay $9,282.72 to the Pension and Welfare Fund (all comprised of $9,282.72 in liquidated damages).

2.   For twenty-four (24) consecutive months commencing on June 1, 2009 and ending on May 1, 2011, the Company will pay $386.78 per month to the Pension and Welfare Fund.

3.   The Company will remit all payments required under paragraphs 2 to the Funds' Office which is located at 11465 Cermak Road, Westchester, Illinois 60154.

4.   The Company will continue to pay its regular monthly benefit contributions on behalf of all current covered employees in order to remain current in its obligations to the Funds, and to remit all employee union dues to the Laborers' District Council as the union's designated collection agent.

5.   Payments made pursuant to this Installment Note shall be considered "contributions" as defined under the terms of the CBA and the Fund's respective Agreements and Declarations of Trust. If the contributions are not paid by the 10th day following the date on which payment should have been received, the contribution shall be considered delinquent and all charges which apply to the late payment of contributions under the terms of the CBA and the Fund's respective agreements and Declarations of Trust shall apply, including, but not limited to, the assessment of interest and liquidated damages. Further, in the event the Company fails to timely make any payments described in this Note, including its obligation to remain current to the Funds and the District Council including, but not limited to, the payment of current monthly benefit and dues reports during the payment period, all amounts described in paragraph 1 herein shall immediately become due on the 10th day following the date on which payment should have been received by the Fund's under the terms of this Note. In such event the Company further agrees to pay all attorney fees and costs incurred by the Funds in any action to enforce any part or all of this note

6.   The Company further agrees to obtain and maintain a surety bond to insure the payment of wages and benefit contributions as required under the terms of the CBA.

The Parties hereby agree to these terms by their execution hereof on the _23rd_ day of the _June_, 2009.

RAI Concrete

By: _____

Title: _President_

Laborers' Pension Fund

By: _____

Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity.

By: _____

SIGN HERE

EXHIBIT B

*Jim - Contractor wants to go on another note for the $5,986.72. They are asking for leniency on the late fees below. Can we waive?*

5/5/2011

*Further so gd down*
*no reductions*

# PAYMENT PLAN WORKSHEET

COMPANY  RAI CONCRETE

PHONE#  (630)552-2234

CONTACT PERSON  CARMELA

FIELD REP  JF

NUMBER OF PAYMENTS  24

PAYMENT PLAN COVERS THE MONTHS OF  LATE FEE LEDGER

TOTAL WELFARE & PENSION  9,282.69

LESS 20% DOWN  -

EQUALS AMOUNT FINANCED  9,282.69

PLUS ATTORNEY COSTS  -
PLUS AUDIT COSTS  -
PLUS NOTE INTEREST  0.03

EQUALS TOTAL W & P  9,282.72

WELFARE PAYMENT  227.19
PENSION PAYMENT  159.59
TOTAL  386.78
# PAYMENTS  24
TOTAL W & P  9,282.72

CODE  23911

| PAYMENT NUMBER | PAYMENT DUE DATE | SCHEDULED PAYMENT | ACTUAL PAID | CHECK# | DATE REC'D | SCHEDULED PAYMENT | ACTUAL PAID | CHECK# | DATE REC'D | END BALANCE OWED | ENTER "1" IF LATE | 20% LATE FEE (OWED)/PAID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DUES | | | | | | | | | | | | |
| LDC/LMCC | XXXX | - | - | | | XXX | XXX | XXX | XXX | - | | |
| MCIAF | XXXX | - | - | | | XXX | XXX | XXX | XXX | - | | |
| TRAIN | XXXX | - | - | | | XXX | XXX | XXX | XXX | - | | |
| LECET | XXXX | - | - | | | XXX | XXX | XXX | XXX | - | | |
| CISCO | XXXX | - | - | | | XXX | XXX | XXX | XXX | - | | |
| CAICA | XXXX | - | - | | | XXX | XXX | XXX | XXX | - | | |
| 20% | XXXX | - | - | | | XXX | XXX | XXX | XXX | - | | |
| W & P | | | | | | | | | | | | |
| 1 | 6/1/2009 AT SIGNING | 227.19 | 227.19 | 2124 | 6/12/2009 | 159.59 | 159.59 | 2124 | 6/12/2009 | 8,895.94 | | |
| 2 | 7/1/2009 AT SIGNING | 227.19 | 227.19 | 2297 | 7/31/2009 | 159.59 | 159.59 | 2297 | 7/31/2009 | 8,509.16 | 1 | (77.36) |
| 3 | 8/1/2009 AT SIGNING | 227.19 | 227.19 | 2350 | 8/24/2009 | 159.59 | 159.59 | 2350 | 8/24/2009 | 8,122.38 | 1 | (77.36) |
| 4 | 9/1/2009 AT SIGNING | 227.19 | 227.19 | 2429 | 9/14/2009 | 159.59 | 159.59 | 2429 | 9/14/2009 | 7,735.60 | 1 | (77.36) |
| 5 | 10/1/2009 AT SIGNING | 227.19 | 227.19 | 2515 | 10/6/2009 | 159.59 | 159.59 | 2515 | 10/6/2009 | 7,348.82 | | |
| 6 | 11/1/2009 AT SIGNING | 227.19 | 227.19 | 2691 | 12/9/2009 | 159.59 | 159.59 | 2691 | 12/9/2009 | 6,962.04 | 1 | (77.36) |
| 7 | 12/1/2009 AT SIGNING | 227.19 | 227.19 | 2712 | 12/17/2009 | 159.59 | 159.59 | 2712 | 12/17/2009 | 6,575.26 | | |
| 8 | 1/1/2010 AT SIGNING | 227.19 | 227.19 | 2793 | 1/25/2010 | 159.59 | 159.59 | 2793 | 1/25/2010 | 6,188.48 | 1 | (77.36) |
| 9 | 2/1/2010 AT SIGNING | 227.19 | 227.19 | 2845 | 3/3/2010 | 159.59 | 159.59 | 2845 | 3/3/2010 | 5,801.70 | 1 | (77.36) |
| 10 | 3/1/2010 AT SIGNING | 227.19 | 227.19 | 2895 | 4/5/2010 | 159.59 | 159.59 | 2895 | 4/5/2010 | 5,414.92 | 1 | (77.36) |
| 11 | 4/1/2010 AT SIGNING | 227.19 | 227.19 | 2946 | 5/4/2010 | 159.59 | 159.59 | 2946 | 5/4/2010 | 5,028.14 | 1 | (77.36) |
| 12 | 5/1/2010 AT SIGNING | 227.19 | 227.19 | 2985 | 5/17/2010 | 159.59 | 159.59 | 2985 | 5/17/2010 | 4,641.36 | 1 | (77.36) |
| 13 | 6/1/2010 AT SIGNING | 227.19 | 227.19 | 3053 | 6/11/2010 | 159.59 | 159.59 | 3053 | 6/11/2010 | 4,254.58 | | |
| 14 | 7/1/2010 AT SIGNING | 227.19 | 227.19 | 3115 | 6/24/2010 | 159.59 | 159.59 | 3115 | 6/24/2010 | 3,867.80 | | |
| 15 | 8/1/2010 AT SIGNING | 227.19 | 227.19 | 3342 | 9/2/2010 | 159.59 | 159.59 | 3342 | 9/2/2010 | 3,481.02 | 1 | (77.36) |
| 16 | 9/1/2010 AT SIGNING | 227.19 | 227.19 | 3362 | 9/10/2010 | 159.59 | 159.59 | 3362 | 9/10/2010 | 3,094.24 | | |
| 17 | 10/1/2010 AT SIGNING | 227.19 | 227.19 | 3478 | 10/5/2010 | 159.59 | 159.59 | 3478 | 10/5/2010 | 2,707.46 | | |
| 18 | 11/1/2010 AT SIGNING | 227.19 | 227.19 | 3511 | 10/22/2010 | 159.59 | 159.59 | 3511 | 10/22/2010 | 2,320.68 | | |
| 19 | 12/1/2010 AT SIGNING | 227.19 | 227.19 | 3650 | 11/23/2010 | 159.59 | 159.59 | 3650 | 11/23/2010 | 1,933.90 | | |
| 20 | 1/1/2011 AT SIGNING | 227.19 | 227.19 | 3687 | 12/13/2010 | 159.59 | 159.59 | 3687 | 12/13/2010 | 1,547.12 | | |
| 21 | 2/1/2011 AT SIGNING | 227.19 | 227.19 | 3754 | 1/11/2011 | 159.59 | 159.59 | 3754 | 1/11/2011 | 1,160.34 | | |
| 22 | 3/1/2011 AT SIGNING | 227.19 | 227.19 | 3803 | 5/4/2011 | 159.59 | 159.59 | 3803 | 5/4/2011 | 773.56 | 1 | (77.36) |
| 23 | 4/1/2011 AT SIGNING | 227.19 | 227.19 | 3803 | 5/4/2011 | 159.59 | 159.59 | 3803 | 5/4/2011 | 386.78 | 1 | (77.36) |
| 24 | 5/1/2011 AT SIGNING | 227.19 | 227.19 | 3803 | 5/4/2011 | 159.59 | 159.59 | 3803 | 5/4/2011 | 0.00 | 1 | (77.36) |
| TOTALS | 9,282.72 | 5,452.56 | 5,452.56 | | | 3,830.16 | 3,830.16 | | | | | (928.32) |

BEG BALANCE  9,282.72

EXHIBIT  C

LABORS FIELD DEPT.

LABORERS' PENSION & WELFARE FUNDS

Printed Date 8/2/2011

# LABORERS' PENSION & WELFARE FUNDS
## CONTRACTOR PENALTY HISTORY

| | | |
|---|---|---|
| Contractor Number | 023911 | |
| Contractor Name | R A I CONCRETE INC | |
| Address | 1827 BLACKHAWK DR | |
| | WEST CHICAGO IL, 601851600 | |

| | |
|---|---|
| Phone | (630) 562-2234 |
| Status | Active |
| Outstanding Balance | $ 15,966.72 |

| Invoice # | Received Date | Report Month | Trans # | Penalty | Payment | Adjustment | Write Off | Welfare Penalty | Welfare Payment | Welfare Adjustment | Welfare Write Off | Pension Penalty | Pension Payment | Pension Adjustment | Pension Write Off |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 35496 | 02/28/2011 | 11/2010 | 1356364 | $ 1,317.12 | $ - | $ - | $ - | $ 729.22 | $ - | $ - | $ - | $ 587.90 | $ - | $ - | $ - |
| 35222 | 01/06/2011 | 10/2010 | 1351749 | $ 1,920.00 | $ - | $ - | $ - | $ 1,063.00 | $ - | $ - | $ - | $ 857.00 | $ - | $ - | $ - |
| 34943 | 11/15/2010 | 09/2010 | 1347974 | $ 1,409.28 | $ - | $ - | $ - | $ 780.24 | $ - | $ - | $ - | $ 629.04 | $ - | $ - | $ - |
| 34834 | 10/28/2010 | 08/2010 | 1346110 | $ 1,482.24 | $ - | $ - | $ - | $ 820.64 | $ - | $ - | $ - | $ 661.60 | $ - | $ - | $ - |
| 34693 | 10/06/2010 | 07/2010 | 1343784 | $ 942.72 | $ - | $ - | $ - | $ 521.93 | $ - | $ - | $ - | $ 420.79 | $ - | $ - | $ - |
| 34465 | 08/31/2010 | 06/2010 | 1339703 | $ 1,167.36 | $ - | $ - | $ - | $ 646.30 | $ - | $ - | $ - | $ 521.06 | $ - | $ - | $ - |
| 33457 | 01/25/2010 | 11/2009 | 1321377 | $ 2,033.50 | $ - | $ - | $ - | $ 1,060.91 | $ - | $ - | $ - | $ 972.59 | $ - | $ - | $ - |
| 33276 | 12/21/2009 | 10/2009 | 1318672 | $ 3,022.25 | $ - | $ - | $ - | $ 1,576.75 | $ - | $ - | $ - | $ 1,445.50 | $ - | $ - | $ - |
| 32938 | 10/16/2009 | 08/2009 | 1313028 | $ 2,672.25 | $ - | $ - | $ - | $ 1,394.15 | $ - | $ - | $ - | $ 1,278.10 | $ - | $ - | $ - |
| | | | | $ 15,966.72 | $ - | $ - | $ - | $ 8,593.14 | $ - | $ - | $ - | $ 7,373.58 | $ - | $ - | $ - |

023911 - R A I CONCRETE INC


EXHIBIT D

# Construction & General Laborers'
# District Council of Chicago & Vicinity

Affiliated with Laborers' International Union of North America Locals
1 2 4 5 6 25 75 76 96 118 149 152 225 269 288 582 681 1001 1035 1092



999 McClintock Drive    Suite 300    Burr Ridge, IL 60527
Ph: (630) 655-8289    Fax: (630) 655-8853
www.ChicagoLaborersDistrictCouncil.org

## LiUNA!
### Feel the Power

R A I CONCRETE INC                                              July, 19 2011
1827 BLACKHAWK DR                                           Contractor# 023911
WEST CHICAGO, IL 60185

Dear Contractor:

According to our records, your following report(s) were submitted late . As a result, you owe the Work Dues and Ancillary Funds an amount of  $684.73 late fee.

| Report Month | Receipt Date | Total Gross Wage | Total Hours | Expected Amount | Remitted Amount | Expected Late Fee | Applied Late Fee | Unpaid Late Fee |
|---|---|---|---|---|---|---|---|---|
| 10/2009 | 12/21/2009 | $30,395.20 | 863.50 | $1,069.02 | $1,069.02 | $17.51 | $0.06 | $17.45 |
| 11/2009 | 01/25/2010 | $20,451.20 | 581.00 | $719.28 | $719.28 | $71.93 | $0.00 | $71.93 |
| 05/2010 | 06/24/2010 | $12,883.20 | 366.00 | $453.11 | $453.11 | $45.31 | $0.00 | $45.31 |
| 06/2010 | 07/21/2010 | $26,752.00 | 760.00 | $940.90 | $940.88 | $94.09 | $0.00 | $94.09 |
| 07/2010 | 09/24/2010 | $17,282.80 | 491.00 | $607.84 | $607.84 | $60.78 | $0.00 | $60.78 |
| 08/2010 | 10/08/2010 | $27,174.40 | 772.00 | $955.74 | $955.74 | $95.57 | $0.00 | $95.57 |
| 09/2010 | 11/04/2010 | $25,836.80 | 734.00 | $908.69 | $908.69 | $90.87 | $0.00 | $90.87 |
| 10/2010 | 12/10/2010 | $35,200.00 | 1,000.00 | $1,238.00 | $1,238.00 | $123.80 | $0.00 | $123.80 |
| 11/2010 | 01/10/2011 | $24,147.20 | 686.00 | $849.27 | $849.27 | $84.93 | $0.00 | $84.93 |

**Total Unpaid Late Fee    $684.73**

**\* Under Article VI, Paragraph 2, the Working Dues Report is due no later than the 10th of the month following the month for which such deductions were made.**

If you fail to remit the amount due, legal action may be initiated to collect this amount, and you will be liable for all attorney fees and court costs incurred to enforce your obligations.

Please send all your remittances to this address:

**LABORERS' DISTRICT COUNCIL**
**LABORERS' WORK DUES FUND**
**999 McClintock Drive, Suite 300**
**Burr Ridge, IL 60527**

Boone    Cook    DuPage    Grundy    Kane    Kendall    Lake    McHenry    Will

**James P. Connolly**                    **Charles V. Lo Verde III**
Business Manager                          Secretary-Treasurer

EXHIBIT
E

**PENSION AND WELFARE FUNDS**

**LABORERS' PENSION FUND and HEALTH and WELFARE DEPARTMENT of the CONSTRUCTION and GENERAL LABORERS' DISTRICT COUNCIL of CHICAGO and VICINITY**

11465 CERMAK ROAD
WESTCHESTER, ILLINOIS 60154-5768

Telephone: (708) 562-0200
Toll Free: (866) 906-0200
Field Dept. Fax: (708) 947-7295
e-mail: FieldDept@chilpwf.com
www.chicagolaborersfunds.com

May 26, 2011

R A I CONCRETE INC
1827 BLACKHAWK DR
WEST CHICAGO IL 60185-1600

Contractor Code#23911

**BOARD OF TRUSTEES**

*Administrator*
JAMES S. JORGENSEN

*Secretary*
RICHARD E. GRABOWSKI

**PENSION FUND**

*For Labor*
JOSEPH COCONATO
JAMES P. CONNOLLY
J. MICHAEL LAZZARETTO
CHARLES V. LOVERDE, III
LARRY WRIGHT
JEFF M. ZIEMANN

*For Employers*
ROBERT A. BOHAC
RICHARD E. GRABOWSKI
CLIFTON M. HORN
ROBERT G. KRUG
DAVID H. LORIG
GARY LUNDSBERG

**WELFARE FUND**

*For Labor*
JAMES P. CONNOLLY
MARTIN T. FLANAGAN
RICHARD KUCZKOWSKI
CHARLES V. LOVERDE, III
SCOTT PAVLIS
TIM RILEY

*For Employers*
CHARLES J. GALLAGHER
RICHARD E. GRABOWSKI
CLIFTON M. HORN
DAVID H. LORIG
DENNIS P. MARTIN

Dear Employer:

We are herewith enclosing for your information and records the results of the payroll audit performed recently by Levinson Simon Hein and Bilkey P.C.

Attached you will find a summary of the audit findings totaling $19,552.56 which is owed by your company. You will note that a late payment penalty has been assessed to these amounts. This is in conformance with the directive of the Board of Trustees for all late payments. Notice of this directive was submitted to all employers in May 2007 and to all thereafter. You will also note that your firm has Previous Accumulated 20% Penalties, which have not been paid to date.

It is requested this audit be reviewed and should there be challenges to any individuals listed on the audit, these challenges be submitted to this office for review. If no challenges are to be made, it is requested a check in the amount of $19,552.56 made payable to the Laborers' Pension Fund be forwarded to this office. It was also noted that your firm has not supplied this office with an Employer Bond. Enclosed is a blank Employer Bond for your use.

Should you have any questions, or need clarification on any of the following aspects, we will be available during a period of 15 days from the date on the letter to discuss same.

Your cooperation in concluding the settlement of this audit will be appreciated.

Sincerely,

LABORERS' PENSION & WELFARE FUNDS

Jim Fosco,
Field Department

JF:ag
Encl.

Cc: Chuck LoVerde
    Robbin Blakely

**EMPLOYER PARTICIPANTS –**
Builders' Association, Employing Plasterers' Association, Underground Contractors' Association, Mason Contractors' Association, Wrecking Contractors, Concrete Products Employers, Lake County Illinois Employers, Illinois Road Builders Association, Structural Builders; i.e. all those who employ Laborers Engaged in the Building and Construction Industry.

**EXHIBIT**
**F**

RAI Concrete Inc
CHLAB-0311-02702
Acct # 23911
April 1, 2007 through February 28, 2011
WITH SOCIAL SECURITY NUMBERS

# Levinson Simon Hein & Bilkey, P.C.
## Certified Public Accountants

**INDEPENDENT ACCOUNTANT'S REPORT**

566 W. Lake St.
Suite 300
Chicago, IL 60661-1414
(312) 655-0037
Fax (312) 655-9145

May 23, 2011

Trustees Laborers' Pension Fund and
Health and Welfare Department of the
Construction and General Laborers'
District Council of Chicago and Vicinity
Jean Mashos, Director
11465 Cermak Road
Westchester, Illinois 60154

Re:     RAI Concrete, Inc.
        Case # CHLAB-0311-02702
        Acct # 23911

Gentlemen:

In accordance with your instructions we have performed certain agreed-upon procedures to the
payroll records presented for our inspection by the above-mentioned employer. The purpose of
the inspection was to determine the accuracy of the employer's monthly contributions to the
Laborers' Pension Fund and Health and Welfare Department of the Construction and General
Laborers' District Council of Chicago and Vicinity for the period April 1, 2007 through February
28, 2011. This agreed-upon procedure engagement was performed in accordance with the
attestation standards established by the American Institute of Certified Public Accountants. The
sufficiency of these procedures is solely the responsibility of the Laborers' Pension Fund and
Health and Welfare Department of the Construction and General Laborers' District Council of
Chicago and Vicinity. The accuracy of the payroll records and reporting to the Funds is the
responsibility of the management RAI Concrete, Inc. We have applied the prescribed procedures
to those records and reports.

Attached hereto are yearly schedules showing the detail of the under-reported wages and hours
and computation of the amounts due to the Funds. The findings consist of under-reported wages
and hours for individuals found on the payroll previously reported to the funds.

Our examinations indicated that the employer owes the following amounts for the period
examined, exclusive of interest.

|            |    | Amount Due |
|------------|----|-----------|
| Welfare    | $  | 1,200.58  |
| Pension    |    | 866.87    |
| Training   |    | 37.01     |
| CCA        |    | 9.80      |
| LDCLMCC    |    | 16.80     |
| LECET      |    | 8.74      |
| Dues       |    | 306.26    |
|            |    |           |
| Total      | $  | 2,446.06  |

Trustees Laborers' Pension Fund and
Health and Welfare Department of the
Construction and General Laborers'
District Council of Chicago and Vicinity
May 23, 2011
Page Two
Case # CHLAB-0311-02702

We were not engaged to, and did not, perform an examination, the objective of which would be
the expression of an opinion on the accompanying report. Accordingly, we do not express such
an opinion. Had we performed additional procedures, other matters might have come to our
attention that would have been reported to you.

We shall be pleased to furnish any additional information desired and have attached our bill for
services.

Very truly yours,

Levinson Simon Hein & Bilkey, P.C.
Howard B. Levinson, CPA, MBA

HBL/bvv

Enclosures

cc: Dues Department

# Levinson Simon Hein & Bilkey, P.C.
### Reconciliation of Differences Per Year

Chicago Laborers
RAI Concrete Inc.

Case: CHI-AB-0311-02?02
Audit Period: 04/01/07 - 02/28/11
Fiscal Year End: May

Manager: Benjamin Vargas
Auditor: Sarah Paganini

## Summary

| Fiscal Year Ending: | May 2011 | May 2009 | May 2008 | Total |
|---|---|---|---|---|
| **Findings** | | | | |
| Dollars Not Reported | 598.40 | 1,390.00 | 9,149.40 | 11,137.80 |
| Hours Not Reported (Funds) | 17.00 | 46.00 | 77.00 | 140.00 |
| Hours Not Reported (Dues) | 17.00 | 46.00 | 77.00 | 140.00 |
| **Dollar Amount Due** | | | | |
| Welfare Fund | 180.71 | 406.18 | 613.69 | 1,200.58 |
| Pension Fund | 145.69 | 283.82 | 437.36 | 866.87 |
| Training Fund | 7.65 | 12.42 | 16.94 | 37.01 |
| CCA | 1.19 | 3.22 | 5.39 | 9.80 |
| LDCLMCC | 2.04 | 5.52 | 9.24 | 16.80 |
| LECET | 1.36 | 2.76 | 4.62 | 8.74 |
| Dues | 16.46 | 38.22 | 251.58 | 306.26 |
| Total | 355.10 | 752.14 | 1,338.82 | 2,446.00 |

| | |
|---|---|
| Liquidated Damages | ~~16,666.72~~ 16,875.04 |
| Dues Penalties | 684.73 |
| Dues Shortages | 0.00 |
| Audit Fee | 1,247.18 |
| Total Amount Due | ~~20,344.00~~ |

*(handwritten: 21,273.01)*
*(handwritten: 16,875.04)*

# Levinson Simon Hein & Bilkey, P.C.

Details Report

Page 2

Local: Chicago Laborers
Contractor: RAI Concrete Inc.
Case: CHLAB-0311-02702

Contract: CCA / *CCA

### Employee Findings

| | 06/2007 | 07/2007 | 08/2007 | 09/2007 | 10/2007 | 11/2007 | 12/2007 | 01/2008 | 02/2008 | 03/2008 | 04/2008 | 05/2008 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HERNANDEZ, FELIPE | | | | | | 1.00 | | | | | | | 1.00 |
| MEROLA, MIKE | | | | | | | 37.00 | | | | | | 37.00 |
| SERRANO, MANUEL | | | | | | | 39.00 | | | | | | 38.00 |
| Total | | | | | | 1.00 | 76.00 | | | | | | 77.00 |

### Rate Table

| | | 11/2007 | 12/2007 | Total |
|---|---|---|---|---|
| Welfare Fund | 7.9700 | 7.97 | 605.72 | 613.69 |
| Pension Fund | 5.6800 | 5.68 | 431.08 | 437.35 |
| Training Fund | 0.2200 | 0.22 | 16.72 | 16.94 |
| CCA | 0.0700 | 0.07 | 5.32 | 5.39 |
| ILDC/LMCC | 0.1200 | 0.12 | 9.12 | 9.24 |
| ILEGET | 0.0600 | 0.06 | 4.56 | 4.62 |
| Total | | 14.12 | 1073.12 | 1097.24 |

### Employee Findings

| | 06/2007 | 07/2007 | 08/2007 | 09/2007 | 10/2007 | 11/2007 | 12/2007 | 01/2008 | 02/2008 | 03/2008 | 04/2008 | 05/2008 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HERNANDEZ, FELIPE | | | | | | 1326.00 | | | | | | | 1326.00 |
| HERNANDEZ, JOSE | | | | | | 1326.00 | | | | | | | 1326.00 |
| MEROLA, MIKE | | | | | | | 1226.55 | | | | | | 1226.55 |
| SERRANO, MANUEL | | | | | | | 1292.85 | | | | | | 1292.85 |
| Total | | | | | | 2652.00 | 2519.40 | | | | | | 5171.40 |

### Rate Table

| | | 11/2007 | 12/2007 | Total |
|---|---|---|---|---|
| Dues | 0.0275 | 72.92 | 69.28 | 142.20 |
| Total | | 72.92 | 69.28 | 142.20 |

# Levinson Simon Hein & Bilkey, P.C.
## Details Report

Page 3

Local: **Chicago Laborers**
Contractor: **R&I Concrete Inc.**
Case: **CHLAB-0311-02702**

Contract: CCA / *CCA

**Employee Findings**
HERNANDEZ, FELIPE

| | 06/2008 | 07/2008 | 08/2008 | 09/2008 | 10/2008 | 11/2008 | 12/2008 | 01/2009 | 02/2009 | 03/2009 | 04/2009 | 05/2009 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | 40.00 | | | | | | 40.00 |
| **Total** | | | | | | | 40.00 | | | | | | 40.00 |

**Rate Table**

| | | 06/2008 | 07/2008 | 08/2008 | 09/2008 | 10/2008 | 11/2008 | 12/2008 | 01/2009 | 02/2009 | 03/2009 | 04/2009 | 05/2009 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare Fund | 8.8300 | | | | | | | 353.20 | | | | | | 353.20 |
| Pension Fund | 6.1700 | | | | | | | 246.80 | | | | | | 246.80 |
| Training Fund | 0.2700 | | | | | | | 10.80 | | | | | | 10.80 |
| CCA | 0.0700 | | | | | | | 2.80 | | | | | | 2.80 |
| LDCLMCC | 0.1200 | | | | | | | 4.80 | | | | | | 4.80 |
| LECET | 0.0600 | | | | | | | 2.40 | | | | | | 2.40 |
| **Total** | | | | | | | | 620.80 | | | | | | 620.80 |

**Employee Findings**
HERNANDEZ, FELIPE

| | 06/2008 | 07/2008 | 08/2008 | 09/2008 | 10/2008 | 11/2008 | 12/2008 | 01/2009 | 02/2009 | 03/2009 | 04/2009 | 05/2009 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | 1390.00 | | | | | | 1390.00 |
| **Total** | | | | | | | 1390.00 | | | | | | 1390.00 |

**Rate Table**

| | | 06/2008 | 07/2008 | 08/2008 | 09/2008 | 10/2008 | 11/2008 | 12/2008 | 01/2009 | 02/2009 | 03/2009 | 04/2009 | 05/2009 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dues | 0.0275 | | | | | | | 38.22 | | | | | | 38.22 |
| **Total** | | | | | | | | 38.22 | | | | | | 38.22 |

# Levinson Simon Hein & Bilkey, P.C.

Details Report

Page 4

Local: Chicago Laborers
Contractor: RAI Concrete Inc.
Case: CHLAB-0311-02702

Contract: CCA / *CCA

## Employee Findings — SERRANO, MANUEL

| | 06/2010 | 07/2010 | 08/2010 | 09/2010 | 10/2010 | 11/2010 | 12/2010 | 01/2011 | 02/2011 | 03/2011 | 04/2011 | 06/2011 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Total | | | | | | 17.00 | | | | | | | 17.00 |

### Rate Table

| | | 06/2010 | 07/2010 | 08/2010 | 09/2010 | 10/2010 | 11/2010 | 12/2010 | 01/2011 | 02/2011 | 03/2011 | 04/2011 | 06/2011 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare Fund | 10.6500 | | | | | | 180.71 | | | | | | | 180.71 |
| Pension Fund | 8.5700 | | | | | | 145.69 | | | | | | | 145.69 |
| Training Fund | 0.4500 | | | | | | 7.65 | | | | | | | 7.65 |
| CCA | 0.0700 | | | | | | 1.19 | | | | | | | 1.19 |
| LDCLMCC | 0.1200 | | | | | | 2.04 | | | | | | | 2.04 |
| LECET | 0.0800 | | | | | | 1.36 | | | | | | | 1.36 |
| Total | | | | | | | 338.64 | | | | | | | 338.64 |

## Employee Findings — SERRANO, MANUEL

| | 06/2010 | 07/2010 | 08/2010 | 09/2010 | 10/2010 | 11/2010 | 12/2010 | 01/2011 | 02/2011 | 03/2011 | 04/2011 | 06/2011 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Total | | | | | | 598.40 | | | | | | | 598.40 |

### Rate Table

| | | 06/2010 | 07/2010 | 08/2010 | 09/2010 | 10/2010 | 11/2010 | 12/2010 | 01/2011 | 02/2011 | 03/2011 | 04/2011 | 06/2011 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dues | 0.0275 | | | | | | 16.46 | | | | | | | 16.46 |
| Total | | | | | | | 16.46 | | | | | | | 16.46 |

Page 5

Chicago Laborers
RAI Concrete Inc.
Case: CHLAB-0311-02702
Audit Period: 4/1/2007 - 2/28/2011
Fiscal Year End: May

## Levinson Simon Hein & Bilkey, P.C.
### Reconciliation of Differences Per Year

Manager: Benjamin Vargas
Auditor: Sarah Paganini

## FRINGE FUNDS ONLY

| Findings | May 2009 | Total |
|---|---|---|
| Fiscal Year Ending: | | |
| Hours Not Reported (Funds) | 6.00 | 6.00 |
| Dollar Amount Due | | |
| Welfare Fund | 52.98 | 52.98 |
| Pension Fund | 37.02 | 37.02 |
| Training Fund | 1.62 | 1.62 |
| Total | 91.62 | 91.62 |

| | |
|---|---|
| Liquidated Damages | ~~15,666.72~~ 16,875.04 |
| Dues Penalties | 684.73 |
| Dues Shortages | 0.00 |
| Audit Fee | 1,247.18 |
| **Total Amount Due** | ~~17,690.25~~ 18,918.57 |

# Levinson Simon Hein & Bilkey, P.C.

Details Report

Page 6

Locat: **Chicago Laborers**
Contractor: **RAI Concrete Inc.**
Case: **CHLAB-0311-02702**

Contract: CCA / 'CCA - Funds Only

## Employee Findings

| | 06/2008 | 07/2008 | 08/2008 | 09/2008 | 10/2008 | 11/2008 | 12/2008 | 01/2009 | 02/2009 | 03/2009 | 04/2009 | 06/2009 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MEROLA MIKE | | | | | | | 6.00 | | | | | | 6.00 |
| Total | | | | | | | 6.00 | | | | | | 8.00 |

## Rate Table

| | | 06/2008 | 07/2008 | 08/2008 | 09/2008 | 10/2008 | 11/2008 | 12/2008 | 01/2009 | 02/2009 | 03/2009 | 04/2009 | 06/2009 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare Fund | 8.8300 | | | | | | | 52.98 | | | | | | 52.98 |
| Pension Fund | 6.1700 | | | | | | | 37.02 | | | | | | 37.02 |
| Training Fund | 0.2700 | | | | | | | 1.62 | | | | | | 1.62 |
| Total | | | | | | | | 91.62 | | | | | | 91.62 |

# Levinson Simon Hein & Bilkey, P.C.

Reconciliation of Differences Per Year

Chicago Laborers
RAI Concrete Inc.
Case: CHLAB-0311-02702
Audit Period: 4/1/2007 - 2/28/2011
Fiscal Year End: May

Manager: Benjamin Vargas
Auditor: Sarah Paganini

## DUES FUNDS ONLY

| Findings | Fiscal Year Ending: | May 2009 | May 2008 | Total |
|---|---|---|---|---|
| Dollars Not Reported | | | 3,978.00 | 3,978.00 |
| Hours Not Reported (Dues) | | 6.00 | | 6.00 |
| **Dollar Amount Due** | | | | |
| CCA | | 0.42 | 0.42 | 0.42 |
| LDCLMCC | | 0.72 | 0.72 | 0.72 |
| LECET | | 0.36 | 0.36 | 0.36 |
| Dues | | | 109.38 | 109.38 |
| | | 109.38 | 109.38 | 109.38 |
| Total | | 1.50 | 109.38 | 110.88 |

Liquidated Damages ~~15,066.72~~ 16,895.04

Dues Penalties 684.73

Dues Shortages 0.00

Audit Fee 1,247.18

Total Amount Due ~~18,000.61~~ 18,737.83

Page 8

# Levinson Simon Hein & Bilkey, P.C.

Details Report

Local: Chicago Laborers
Contractor: RAI Concrete Inc.
Case: CHLAB-0311-02702

Contract: CCA / *CCA - Dues Only

## Employee Findings

| Employee Findings | 06/2007 | 07/2007 | 08/2007 | 09/2007 | 10/2007 | 11/2007 | 12/2007 | 01/2008 | 02/2008 | 03/2008 | 04/2008 | 05/2008 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MEROLA, MIKE | | | | | | 1326.00 | | | | | | | 1326.00 |
| RANGEL, MARTIN | | | | | | 1326.00 | | | | | | | 1326.00 |
| SERRANO, MANUEL | | | | | | 1326.00 | | | | | | | 1326.00 |
| Total | | | | | | 3978.00 | | | | | | | 3978.00 |

## Rate Table

| Rate Table | | 06/2007 | 07/2007 | 08/2007 | 09/2007 | 10/2007 | 11/2007 | 12/2007 | 01/2008 | 02/2008 | 03/2008 | 04/2008 | 05/2008 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dues | 0.0275 | | | | | | 109.38 | | | | | | | 109.38 |
| Total | | | | | | | 109.38 | | | | | | | 109.38 |

# Levinson Simon Hein & Bilkey, P.C.

Details Report

Page 9

Local: **Chicago Laborers**
Contractor: **RAI Concrete Inc.**
Case: **CHLAB-0311-02702**

Contract: CCA / *CCA - Dues Only

**Employee Findings**

| | 06/2008 | 07/2008 | 08/2008 | 09/2008 | 10/2008 | 11/2008 | 12/2008 | 01/2009 | 02/2009 | 03/2009 | 04/2009 | 05/2009 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MEROLA, MIKE | | | | | | | 6.00 | | | | | | 6.00 |
| Total | | | | | | | 6.00 | | | | | | 6.00 |

| | | | | | | | | | | | | | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | 0.42 | | | | | | 0.42 |
| | | | | | | | 0.72 | | | | | | 0.72 |
| | | | | | | | 0.36 | | | | | | 0.36 |
| | | | | | | | 1.50 | | | | | | 1.50 |

**Rate Table**

| | |
|---|---|
| CCA | 0.0700 |
| LOCUMCC | 0.1200 |
| LECET | 0.0600 |

Fax from : 17089437205    LABORS FIELD DEPT.        07-19-11 09:21a    Pg: 16
Case: 1:11-cv-05265 Document #: 8 Filed: 08/03/11 Page 31 of 34 PageID #:76

APR-21-2011  12:46       EDWARD IZZI & ASSOCIATES           630 671 9766    P.001

**Levinson Simon Hein & Bilkey, P.C.**
**Payroll Audit Information Sheet**                                Page 1

I, _Carmela Raimondi_ , DECLARE AND STATE AS FOLLOWS:

I AM AN OFFICER AND SHAREHOLDER OF _RAI Concrete_
(HEREINAFTER, THE "COMPANY") AND I AM DULY AUTHORIZED TO MAKE THE REPRESENTATIONS AND
ENTER INTO THE AGREEMENTS SET FORTH HEREIN ON BEHALF OF THE COMPANY.

| | | | |
|---|---|---|---|
| EMPLOYER'S NAME | RAI Concrete | EMPLOYER # | 23911 |
| ADDRESS | 1827 Blackhawk Dr | PHONE # | (630) 562-2234 |
| CITY STATE ZIP | West Chicago, IL 60185 | FAX # | (630)-562-2344 |
| EMAIL ADDRESS | | FEIN | ~~████~~ |
| DATE OF CONTRACT | | AUDIT PERIOD | 4.1.07 - 2/28/11 |
| CONTACT'S NAME | Carmela Raimondi | TITLE | President |
| PERSON FUND IS TO CONTACT | Carmela Raimondi | TITLE | President |
| ENTITY TYPE | Corporation | # OF EMPLOYEES | 20 |
| BUSINESS ACTIVITY | Concrete work | AVE # PER MONTH | 5 |

| Ownership | Title | % | Address |
|---|---|---|---|
| Carmela Raimondi | President | 100 | |
| | | | |
| | | | |
| | | | |

FIRST AMERICAN    #23911    BVargo
N/A

BANKING FACILITIES USED AND ACCOUNT NUMBER

DOES EMPLOYER HAVE A BOND?  ☒ YES $_____ *(Please attach copy)*  ☐ NO

IS EMPLOYER STILL IN BUSINESS?                    ☒ YES  ☐ NO

DOES EMPLOYER HAVE INTEREST IN OTHER RELATED OPERATIONS? ☐ YES  ☒ NO
IF YES, LIST NAMES OF SAME

IS EMPLOYER A MEMBER OF ANY TRADE ORGANIZATION/ASSOCIATION? ☐ YES  ☒ NO
IF YES, LIST NAMES OF SAME

I, THE UNDERSIGNED, CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

X _Carmela Raimondi_ , AS OFFICER AND SHAREHOLDER

OF _RAI Concrete_                    DATED: 04/21/2011

**Levinson Simon Hein & Bilkey, P.C.**
**Payroll Audit Information Sheet**

Page 2

AUDIT DATE   4/21/11

AUDIT SITE (IF DIFFERENT FROM EMPLOYER'S ADDRESS   390 E. Devon Ave. Roselle, IL 60172 - Acct. office

ALL REQUIRED ACCOUNTING RECORDS WERE AVAILABLE WITH THE EXCEPTION OF

BRIEFLY DESCRIBE THE NATURE OF THE DELINQUENCY, IF ANY
Under-reported hours and wages of individuals on the payroll doing covered work

DID YOUR EXAMINATION UNCOVER ANYTHING SPECIAL OR UNUSUAL WHICH SHOULD BE BROUGHT TO THE
ATTENTION OF THE FUND COUNSEL OR OTHER INTERESTED PERSONS?
☒ YES   ☐ NO

IF YES, EXPLAIN

AUDITOR   Sarah Paganini

# Levinson Simon Hein & Bilkey, P.C.
Certified Public Accountants

566 W. Lake Street · Suite 300 · Chicago, IL 60661-1414
(312) 655-0037 · FAX (312) 655-9145

| INVOICE NO. |
|---|
| 30493 |

## INVOICE

May 23, 2011

Trustees Laborers' Pension
& Welfare Funds
11465 Cermak Rd.
Westchester, IL 60154

RE:   RAI Concrete Inc.
      Case # CHLAB-0311-02702

| | | | |
|---|---|---|---:|
| Field Work & Report Preparation | 20.50 @ | $ 55.00 | $  1,127.50 |
| Supervision & Review | 0.25 @ | 100.00 | 25.00 |
| Clerical | 2.00 @ | 30.00 | 60.00 |
| | | **Sub-Total** | 1,212.50 |
| Mileage | 68.00 @ | $ 0.5100 | 34.68 |
| | | **Total**   $ | **1,247.18** |

7/19/2011

# LABORERS' PENSION & WELFARE FUNDS

AUDIT

EMPLOYER   RAI CONCRETE, INC.                    CODE   23911

FOLLOWING ARE THE FIGURES OWED BY THE ABOVE MENTIONED CONTRACTOR AS A RESULT OF THE AUDIT.

| | HOURS | WELFARE | RATE | PENSION | RATE | TRAINING FUND | RATE | DUES | LDCLMCC | RATE | CCA | RATE | LSCET | RATE | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4-1-07 · 2-28-11 ADDITIONAL HOURS | | | | | | | | | | | | | | | |
| 6-1-07 · 5-31-08 | 77.00 | 613.59 | 7.97 | 437.36 | 5.68 | 16.94 | 0.22 | 142.20 | 9.24 | 0.12 | 5.39 | 0.07 | 4.62 | 0.06 | 1,229.44 |
| 6-1-08 · 5-31-09 | 40.00 | 353.20 | 8.83 | 246.80 | 6.17 | 10.80 | 0.27 | 38.22 | 4.80 | 0.12 | 2.80 | 0.07 | 2.40 | 0.06 | 659.02 |
| 6-1-11 · 2-28-11 | 17.00 | 180.71 | 10.63 | 145.69 | 8.57 | 7.65 | 0.45 | 16.46 | 2.04 | 0.12 | 1.19 | 0.07 | 1.36 | 0.08 | 355.10 |
| 6-1-08 · 5-31-09 | 6.00 | 52.98 | 8.83 | 37.02 | 6.17 | 1.62 | 0.27 | | 0.72 | 0.12 | 0.42 | 0.07 | 0.36 | 0.06 | 93.12 |
| 6-1-07 · 5-31-08 | | | | | | | | 109.38 | | | | | | | 109.38 |
| MEN NOT REPORTED | | | | | | | | | | | | | | | |
| SUBTOTAL | 140.00 | 1,200.58 | | 866.87 | | 37.01 | | 306.26 | 16.80 | | 9.80 | | 8.74 | | 2,446.06 |
| 10% PENALTIES | | | | | | | | 30.63 | 1.68 | | 0.98 | | 0.87 | | 34.16 |
| 20% PENALTIES | | 240.12 | | 173.37 | | 7.40 | | | | | | | | | 420.89 |
| AUDIT COSTS | | 623.59 | | 623.59 | | | | | | | | | | | 1,247.18 |
| ATTORNEY FEES | | | | | | | | | | | | | | | |
| ACCUM. PENALTIES | | 9,138.42 | | 7,756.62 | | | | 684.73 | | | | | | | 17,579.77 |
| ACCUM. NOTE PENALTIES | | 545.26 | | 383.06 | | | | | | | | | | | 928.32 |
| ACCUM. INTEREST | | | | | | | | | | | | | | | |
| TOTAL DUE | | 11,747.97 | | 9,803.51 | | 44.41 | | 1,021.62 | 18.48 | | 10.78 | | 9.61 | | 22,656.38 |



EXHIBIT
F-1